UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL A. MAXIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause No. 3:19-CV-25 RLM-MGG |
| | ) | |
| MANPOWER INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Michael A. Maxie filed a complaint against the Manpower Inc. and number of individual defendants. Mr. Maxie has also filed a concurrent motion to proceed in forma pauperis against both entities. Mr. Maxie qualifies for a filing fee waiver, but his complaint doesn't state a claim upon which relief can be granted. Accordingly, Mr. Maxie's motion to proceed in forma pauperis is denied and his case is dismissed.

This court "may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim." Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The court must dismiss an in forma pauperis complaint if it fails to state a claim under 28 U.S.C. § 1915(e)(2)(B). Both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6) have the same standard. Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1027 (7th Cir. 2013). To state a claim, a complaint need only contain a short and plain statement showing that the plaintiff is entitled to relief. *See* EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007). The court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable

inferences in favor of Mr. Maxie. *See* Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009). A complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Adams v. City of Indianapolis, 742 F.3d 720, 728 (7th Cir. 2014). "Specific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The court will interpret Mr. Maxie's complaint liberally because he's litigating without counsel. *See* Ray v. Clements, 700 F.3d 993, 1002 (7th Cir. 2012).

Mr. Maxie claims that Manpower Inc. treated him unfairly after he hurt himself in a slip-and-fall while at Hertz Rental Car in South Bend and under the employ of Manpower Inc. Mr. Maxie alleges that Manpower Inc. instructed him to return to work while he was incapacitated, refused to rehire him after they terminated his employment, and that the termination was due to him filing a worker's compensation claim. Mr. Maxie has also listed other defendants in his complaint, including Gallagher Bassett Insurance Company, various individuals on the Worker's Compensation Board of Indiana, and St. Joseph County Superior Court Judge Margot F. Reagan. He requests $300,000 in damages.

The court lacks subject-matter jurisdiction to hear this case. "[R]ecovery for personal injury or death by accident arising out of employment and in the course of employment can be sought exclusively under the Worker's

2

Compensation Act and that such actions are cognizable only by the Worker's Compensation Board." Perry v. Stitzer Buick GMC, Inc., 637 N.E.2d 1282, 1286 (Ind. 1994). "The Indiana Worker's Compensation Act provides the exclusive remedy for recovery of personal injuries arising out of and in the course of employment." GKN Co. v. Magness, 744 N.E.2d 397, 401-02 (Ind. 2001). Even allegations of bad faith by an employer or insurance carrier falls within the exclusive ambit of the Indian Worker's Compensation Act. Amerisafe Risk Services v. Estate of Wadsack ex rel. Wadsack, 980 N.E.2d 842, 844 (Ind. Ct. App. 2012). This court lacks subject matter jurisdiction over Mr. Maxie's claim against his employer Manpower Inc. The Worker's Compensation Board of Indiana would be the proper venue for this claim.

Indiana law recognizes a valid cause of action for terminating employment in retaliation for filing a worker's compensation claim. Frampton v. Central Indiana Gas Co., 260 Ind. 249, 252 (1973) ("Retaliatory discharge for filing a workmen's compensation claim is a wrongful, unconscionable act and should be actionable in a court of law."); Tony v. Elkhart County, 918 N.E.2d 363 (Ind. Ct. App. 2009) (extending the relation cause of action to "constructive discharge."). To the extent that Mr. Maxie's complaint alleges that he was subject to retaliatory termination for filing a worker's compensation claim, such relief could be granted by an Indiana court. But Mr. Maxie hasn't alleged diversity of citizenship. This federal court therefore lacks personal jurisdiction.

Mr. Maxie doesn't offer any allegations against Gallagher Bassett Insurance Company in his complaint. Nor does Mr. Maxie offer any allegations

3

against the various members of the Worker's Compensation Board of Indiana or Judge Reagan. These individuals appear to have been included only because of unfavorable decisions rendered against Mr. Maxie in prior judicial and administrative proceedings.

Accordingly, Mr. Maxie's motion for leave to proceed in forma pauperis [Doc. No. 4] is DENIED and his amended complaint [Doc. No. 2] is DISMISSED. The Clerk is directed to enter judgment accordingly.

SO ORDERED.

ENTERED:  May 1, 2019

/s/ Robert L. Miller, Jr.
Judge, United States District Court

against the various members of the Worker's Compensation Board of Indiana or Judge Reagan. These individuals appear to have been included only because of unfavorable decisions rendered against Mr. Maxie in prior judicial and administrative proceedings.

Accordingly, Mr. Maxie's motion for leave to proceed in forma pauperis [Doc. No. 4] is DENIED and his amended complaint [Doc. No. 2] is DISMISSED. The Clerk is directed to enter judgment accordingly.

SO ORDERED.

ENTERED:  May 1, 2019

　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　Judge, United States District Court